**Dated: August 10, 2026.**

_____
**CHRISTOPHER G. BRADLEY**
**UNITED STATES BANKRUPTCY JUDGE**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

**In re:**

| | | |
|---|---|---|
| **JD HUNT CUSTOM HOMES, INC.; JASON DUANE HUNT AND KRISTIN NICOLE HUNT,** | §<br>§<br>§<br>§ | **Case No. 25-10700-cgb**<br><br>**Chapter 11** |
| **Debtors.** | | |

**ITRIA VENTURES, LLC**

**Plaintiff,**

**v.**

| | | |
|---|---|---|
| **JD HUNT CUSTOM HOMES, INC.; JD HUNT PROPERTIES, LLC; JD HUNT VENTURES LLC; PATRICK BOYLE AND ELANA BOYLE,** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Adv. No. 25-01035-cgb** |

**Defendants.**

## SCHEDULING ORDER ON RESOLUTION OF POTENTIAL ETHICS VIOLATION BY PLAINTIFF'S COUNSEL

1

On July 23, 2026, the Court held a hearing on Defendant JD Hunt Custom Homes, Inc.'s ("JD Hunt") *Motion to Strike Portions of Plaintiff's Amended Complaint* (the "Motion to Strike") [ECF No. 113] filed in response to the Plaintiff's *Amended Complaint* [ECF No. 109].[1] The Plaintiff filed its *Response to Defendants' Motion to Strike Portions of Plaintiff's Amended Complaint* (the "Response") [ECF No. 122] requesting that the Court deny the Motion to Strike and consider sanctions against JD Hunt's counsel.[2] The proposed order attached to the motion included a provision finding that the Motion to Strike violated Rule 11(b)(1) and (b)(2).[3]

Specifically, the Plaintiff accused JD Hunt of filing a "recycled motion" and asked the Court to invoke its authority under Federal Rule of Civil Procedure 11(c)(3) to consider whether JD Hunt violated Federal Rules of Civil Procedure 11(b)(1) and (b)(2).[4] The Plaintiff accused JD Hunt of filing a recycled motion because the Motion to Strike lists Jason Duane Hunt in its case caption,[5] requests that the Court "enter an order denying the Motion for Leave," and is dated incorrectly.[6] But notably, the Plaintiff did not follow the relevant rules for seeking sanctions despite, in fact, seeking sanctions (albeit indirectly)—including, as noted on the record, *requesting that the Court enter the proposed order attached to the Plaintiff's Response which would find that the Motion to Strike violated Rule 11(b)(1) and (b)(2).*

The Court resolved the Motion to Strike for the reasons stated on the record on July 23, 2026, and by the order entered on July 29, 2026.[7] The Court issues this scheduling order (the "Scheduling Order") separately to address its concerns regarding the Plaintiff's counsel's conduct. Namely, among other aspects of counsel's conduct in this case, the Court is troubled by their apparent disregard for the proper procedure by which a party may request that a court impose sanctions on another party.

---

[1] The *Motion to Dismiss the Amended Complaint* (the "Motion to Dismiss") [ECF No. 112] filed by defendants Elana and Patrick Boyle (the "Boyles") was also before the Court on July 23, 2026. The Court denied the Motion to Dismiss at ECF No. 127 for the reasons stated on the record.

[2] ECF No. 122.

[3] ECF No. 122-1 at 2.

[4] ECF No. 122 at 2.

[5] Jason Duane Hunt was dismissed from this Adversary Proceeding on January 2, 2026, under an *Agreed Order of Dismissal* [ECF No. 60].

[6] ECF No.122 at 3.

[7] ECF No. 129.

Federal Rule of Bankruptcy Procedure 9011 ("Bankruptcy Rule 9011"), the bankruptcy counterpart to Federal Rule of Civil Procedure 11 ("Rule 11"), exists to protect the integrity of the court and parties prejudiced by violations of its rules.[8] In the Response, Plaintiff's counsel referenced Rule 11 rather than Bankruptcy Rule 9011.[9] The rules are, admittedly, similar, and bankruptcy courts are often guided by Rule 11 cases when considering sanctions under Bankruptcy Rule 9011.[10] However, the Court notes that it is at best ironic that in pointing out the sloppiness of opposing counsel, Plaintiff's counsel appears to have made their own mistake and not even cited the correct rule.[11]

In any case, Bankruptcy Rule 9011 allows a party to request sanctions by motion.[12] **However, a party requesting sanctions must comply with the safe harbor provisions which mandate that the motion for sanctions be filed separately from other requests for relief and prohibiting it from being filed without giving the offending party at least 21 days to respond or withdraw the offending document**.[13] Bankruptcy Rule 9011 **explicitly disallows a sanctions motion** if the proper procedure is not followed:

> [A] motion for sanctions must not be filed or presented to the court if the challenged document, claim, defense, contention, allegation, or denial is withdrawn or appropriately corrected within 21 days after the motion was served (or within another period as the court may order).[14]

---

[8] *Hamm v. Hiler (In re Smyth)*, 242 B.R. 352, 362 (W.D. Tex. 1999).

[9] ECF No. 122 at 3.

[10] *Cadle Co. v. Pratt (In re Pratt)*, 524 F.3d 580, 586 (5th Cir. 2008).

[11] The Plaintiff cites to Rule 11, which is not applicable to this Adversary Proceeding. The appropriate basis for sanctions in bankruptcy proceedings is Bankruptcy Rule 9011. *Long v. Thommessen (In re Tjontveit)*, 204 F. App'x 439, 441 (5th Cir. 2006). The Federal Rules of Civil Procedure only apply to bankruptcy proceedings "to the extent provided by the Federal Rules of Bankruptcy Procedure." Fed. R. Civ. P. 81(a)(2). While Bankruptcy Rule 9011 is bankruptcy's analogue to Rule 11, it does not incorporate Rule 11 to bankruptcy proceedings but rather provides bankruptcy courts with separate authority under which they may impose sanctions. *Keiter v. Stracka*, 192 B.R. 150, 155 (S.D. Tex. 1996); *see also Law v. Siegel*, 571 U.S. 415, 427 (2014) (citing Fed. R. Bankr. P. 9011).

[12] Fed. R. Bankr. P. 9011(c)(2).

[13] *Askins v. Hagopian*, 713 F. App'x 380, 381 (5th Cir. 2018).

[14] Fed. R. Bankr. P. 9011(c)(2)(B).

The Fifth Circuit applies a standard of strict compliance to motions for sanctions under Bankruptcy Rule 9011.[15] Strict compliance under Bankruptcy Rule 9011 requires that the party seeking sanctions must serve the motion on the opposing party at least 21 days before filing the motion with the court.[16] This procedure is mandatory and courts do not have discretion to award sanctions absent compliance with the safe-harbor provisions.[17] The plain language of Bankruptcy Rule 9011(c)(1) forbids such action by conditioning the imposition of sanctions on the moving party providing the party against whom it is seeking sanctions with "notice and a reasonable opportunity to respond."[18] Here, the Plaintiff's counsel admitted on the record that they did not provide JD Hunt's counsel with any notice, formal or informal, prior to filing their Response.

The purpose of Bankruptcy Rule 9011 is to "deter baseless filings in bankruptcy court and thus avoid unnecessary judicial effort."[19] But the rule is carefully calibrated to ensure that the rule does not, itself, become an excuse for filings that impose unnecessary effort on the court and the parties. Sanctions are serious business and should not be sought or imposed without careful consideration and proper process. The rule's important procedures are imposed to ensure, among other things, that allegations concerning sanctions are not slung back and forth heedlessly, becoming a rancorous and unpleasant part of the normal course of litigation. As the Advisory Committee's notes to the analogous procedure in Rule 11 state, the elaborate procedure is structured "[t]o stress the seriousness of a motion for sanctions and to define precisely the conduct claimed to violate the rule."[20] The Court does not believe that this rule was intended to allow an easy end run by casually appending a request for sanctions at the end of a response to an unrelated motion and including a finding that sanctions are warranted into a proposed order.

Here, the Plaintiff's counsel failed to comply with the applicable requirements under Bankruptcy Rule 9011. Plaintiff's counsel did not inform JD Hunt's counsel that it intended to suggest that the Court impose sanctions or provide JD Hunt's

---

[15] *In re Pratt*, 524 F.3d at 586 (holding that informal service did not satisfy the 21-day service requirement under Bankruptcy Rule 9011, which require service in compliance with Bankruptcy Rule 7004).

[16] *Id.*

[17] *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 389 (4th Cir. 2004) (citing *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995) and noting that "failure to comply with the procedural requirements precludes the imposition of the requested sanctions").

[18] Fed. R. Bankr. P. 9011(c)(1).

[19] 10A COLLIER ON BANKRUPTCY ¶ 9011.01 (16th ed. 2026).

[20] Fed. R. Civ. P. 11(b) and (c), advisory committee's note to 1933 amendment.

counsel with any opportunity to withdraw or correct the offending document.[21] Plaintiff's counsel also failed to file a separate motion explicitly asking the Court to impose sanctions.[22] Rather, Plaintiff's counsel attempted a backdoor request for sanctions by suggesting that the Court exercise its authority under Rule 11(c)(3) and impose sanctions "on its own"—without the requisite motion under Bankruptcy Rule 9011(c)(2)(A). The request for the Court to exercise its own authority to impose sanctions reflects an awareness that the Response had not followed the proper procedure. In other words, Plaintiff's counsel made a willful, not accidental, choice to subvert the lawful regime for imposition of sanctions related to frivolous court filings.

At the Hearing, the Plaintiff's counsel defended this approach, stating that they did not intend to file a motion requesting sanctions under Bankruptcy Rule 9011(c)(2) but rather were *suggesting* to the Court that it should exercise its authority under Bankruptcy Rule 9011(c)(3) to order sanctions. The Court reiterates, as stated on the record, that asking the Court to order sanctions through a motion that does not otherwise comply with Rule 9011 belies the plain language of the rule, undermines the important protections and procedures of that rule, and is an improper approach to pursing sanctions. To put it plainly, the Court is not acting "on its own" (as the text of Bankruptcy Rule 9011 and Rule 11 provide), or "on the Court's initiative" (as the heading to section Rule 11(c)(3) provides), if the Court acts in response to a "suggestion" of a party, contained in a court filing and included in a party's proposed order. When you ask the Court to do something and include it in the order you want the Court to sign (as the Plaintiff's did here), *you* are seeking that relief: The Court is not doing it "on its own." The Court notes as well that if the Court had entered the proposed order attached to the motion, it would have been acting in violation of the rule, which requires the Court to enter a show cause order specifically describing the potentially sanctionable conduct.[23] Imposing sanctions in

---

[21] While Plaintiff's counsel acknowledged at the Hearing on July 23, 2026, that they had failed to confer with JD Hunt's counsel whatsoever, it is worth noting that formal service in accordance with Bankruptcy Rule 7004 is required under Bankruptcy Rule 9011(c)(2)(A). Fed. R. Bankr. P. 9011(c)(2)(A).

[22] "A motion for sanctions must be made separately from any other motion or request, describe the specific conduct alleged to violate (b), and be served under Rule 7004." *Id.*

[23] Fed. R. Bankr. P. 9011(c)(3); *In re Stomberg*, 487 B.R. 775, 809 (Bankr. S.D. Tex. 2013) (noting that the proper procedure by which a court may impose sanctions under Bankruptcy Rule 9011 sua sponte is by first issuing an order to show cause under Bankruptcy Rule 9011(c)(3)). *See also* Wright & Miller's Federal Practice & Procedure, § 1337 (4th ed. 2026) ("A district judge considering sua sponte sanctions must issue an order specifically describing the conduct allegedly in violation of the rule and requiring the party subject to sanctions to show cause why he or she

the manner requested by the Plaintiff's counsel—that is, without the requisite show cause order or adherence to other procedural mandates—would likely have constituted an abuse of discretion for failure to provide the opposing party with due process.[24]

Thus, for the reasons stated on the record, and as discussed above, the Court finds that the following Scheduling Order should be entered. That said, because it takes the imposition of sanctions very seriously, under the circumstances of the case, the Court believes that the avoidance of sanctions may be preferable and thus provides an option for Plaintiff's counsel to avoid the Court issuing an order to show cause and potentially awarding sanctions.

### ACCORDINGLY, IT IS ORDERED AS FOLLOWS:

1. If they so choose, the two lawyers whose names were on the Response to the Motion to Strike—Geoffrey H. Bracken (Texas Bar No. 02809750) and Macey A. McCann (Texas Bar No. 24150399)— may take five hours of continuing legal education (CLE) on legal ethics and/or professionalism, and may file with this Court certification that they have each completed the required ethics CLE classes within **three months** of the entry of this Order. For the avoidance of doubt, if both lawyers take the step in this paragraph, this will **not** constitute an award of sanctions against them. Further, if both lawyers take the step in this paragraph, the Court will not proceed to order them to show cause why they should not be sanctioned for the Response to the Motion to Strike. (That said, should they engage in further potentially sanctionable litigation conduct in this case, the Court will consider all relevant facts and actions undertaken throughout the course of this litigation.)

2. If they do not choose to take the course of action above, then Plaintiff's counsel must, no later than **two weeks** from the date of entry of this order, file with this Court a thoroughly researched memorandum of law detailing how their failure to proceed under the correct rule and their request for sanctions in their Response to the Motion to Strike complies

---

has not violated Rule 11. As noted above, Rule 11 also expressly requires notice and a reasonable opportunity to respond before the court can impose sanctions."); *Goldin v. Bartholow*, 166 F.3d 710, 722 (5th Cir. 1999) ("[I]mposing Rule 11[ ] sanctions without notice and hearing would constitute an abuse of discretion by the district court.").

[24] *Martens v. Thomann*, 273 F.3d 159, 178 (2d Cir. 2001).

with Rule 11 and/or Bankruptcy Rule 9011 as well as all governing ethics standards. Both Mr. Bracken and Ms. McCann should be individually and thoroughly informed about this filing and be prepared individually to discuss it with the Court on the record at an in-person hearing. If after that hearing, the Court find that Plaintiff's counsel's conduct did not in fact comply with all ethics rules, it will enter an order requiring Plaintiff's counsel to show cause as to why they should not be sanctioned under Federal Rule of Bankruptcy Procedure 9011(c)(3) for their failure to comply with applicable federal rules of ethics and will award sanctions in due course if appropriate.

###